**JUDGE FURMAN**

Danial A. Nelson (DN4940)
Kevin P. McCulloch (KM0530)
NELSON & McCULLOCH LLP
The Chrysler Building
405 Lexington Ave., 26th Floor
New York, New York 10174
T: (212) 907-6677
F: (646) 308-1178

*Counsel for Plaintiff*



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SABINE LIEWALD,<br><br>         *Plaintiff*,<br><br>      v.<br><br>APPLE, INC. and APPLE COMPUTERS, INC.,<br><br>         Defendants. | Civil Action No.<br><br>**COMPLAINT AND DEMAND FOR A JURY TRIAL** |

Plaintiff, SABINE LIEWALD, by and through undersigned counsel, demands a trial by jury of all claims and issues so triable, and, as and for her Complaint for copyright infringement against defendants APPLE, INC. and APPLE COMPUTERS, INC., hereby asserts and alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff Sabine Liewald ("Plaintiff") is a resident of Switzerland.

2. Defendant Apple, Inc., and its subsidiary, Apple Computers, Inc., (hereinafter collectively "Apple") are foreign corporations domiciled outside the State of New York but are corporations in good standing and licensed to transact lawful business within the State of New York and conduct substantial business in this State and in the Southern District of New York.

3. Jurisdiction lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§101, et seq.

4. Venue is proper under 28 U.S.C. §1391 since the misconduct by Apple originated from copyright infringement of the subject photograph obtained from the Plaintiff's agent in this District. Further, Apple conducts business within the State of New York, and has infringed the plaintiff's copyright within the State of New York as described herein.

## BACKGROUND FACTS

5. Plaintiff created and owns the photograph entitled "Eye Closeup" that is the subject of this litigation. (Exh. 1).



**Exhibit 1**

6. Apple is an American multinational corporation which designs and manufactures consumer electronics and software products.

-2-

7. Apple obtained Plaintiff's "Eye Closeup" photograph from Plaintiff's agent, Factory Downtown.

8. Apple requested a high-resolution file of this photograph for "comping" (or layout) purposes only, and was fully aware at all times that it had not acquired any rights to use the photograph in advertisements without obtaining additional permission from Plaintiff or Factory Downtown.

9. Apple subsequently informed Factory Downtown that it did not intend to use the "Eye Closeup" photograph in the advertising campaign for Apple's Macbook Pro computers.

10. Despite representing that it did not intend to use the photo and knowing that it had not obtained a license, Apple proceeded to copy, publish, and exploit Plaintiff's "Eye Closeup" photograph, including in its Macbook Pro advertising campaign, keynote address, and related advertising materials without permission or compensation. *See e.g.* Exh. 2.



**Exhibit 2**

## FIRST CAUSE OF ACTION
### (Copyright Infringement)

11. Plaintiff incorporates paragraphs 1 through 10 as it set forth herein.

12. Plaintiff is the sole owner of all rights, including all copyrights, in the "Eye Closeup" photograph.

13. Although this photograph is not a United States work within the meaning of the Copyright Act, Plaintiff has registered her copyrights in this photograph as part of Copyright Registration No. VA0001827874.

14. Plaintiff's "Eye Closeup" photograph also is protected under the Byrne Convention as a non-United States work.

15. Defendant Apple used the subject photograph in various forms of advertisement without permission from Plaintiff.

13. By commercially exploiting Plaintiff's copyrighted image without her consent or permission, Apple damaged Plaintiff while obtaining significant economic gains in amounts to be determined at trial.

14. Plaintiff is entitled to actual damages including defendants' profits; statutory damages for the infringing use of the "Eye Closeup" photograph; attorney's fees, sustained and which will be sustained, and any other gains, profits and advantages by defendants as a result of defendants' acts of infringement alleged above. At present, the amount of such actual damages, gains, profits and advantages cannot be fully ascertained by plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays that this Court enter a final judgment in its favor and against defendant Apple as follows:

A. That the Court find that Apple infringed Plaintiff's copyrighs in and to her "Eye Closeup" photograph.

B. That judgment be entered for Plaintiff and against Defendants for Plaintiff's actual damages and for any profits attributable to infringements of Plaintiff's copyright in the "Eye Closeup" photograph, pursuant to Copyright Act 17 U.S.C. §§ 101 et seq.

C. That judgment be entered for Plaintiff and against Defendants for statutory damages for each for each and every infringing use of the "Eye Closeup" photograph, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 504(C)(1) and (2).

D. A jury trial is demanded in this matter.

E. That the Court grants such other, further and different relief as the Court deems just, proper and equitable under the circumstances.

Dated: October 10, 2012
      New York, New York.

                                    Respectfully submitted,

                                    NELSON & McCULLOCH LLP

By: _____
                                Danial A. Nelson (DN4940)
                                Kevin P. McCulloch (KM0530)
                                The Chrysler Building
                                405 Lexington Ave., 26th Floor
                                New York, New York 10174
                                T: (212) 907-6677
                                F: (646) 308-1178
                                dnelson@nelsonmcculloch.com
                                kmcculloch@nelsonmcculloch.com

                                *Counsel for Plaintiff*